**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ANTHONY LAFRENIERE, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COCA-COLA BOTTLING COMPANY UNITED, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:19-cv-03550-AT |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

The plaintiff, a Coke United employee, admits he received all of his straight time pay. He also admits he received the required half-time premium for weekly hours worked over forty. Because of these admissions, the plaintiff has not asserted a plausible cause of action under the Fair Labor Standards Act. None of the conduct he alleged, even if entirely true, violates any law. For this reason, the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

**I.    The Complaint's Allegations**

According to the complaint, LaFreniere began working for Coke United in

2017. [Doc. 1 at ¶ 2]. His complaint alleges one wrong: the compensation he has received since 2017 does not satisfy the overtime pay requirements of the Fair Labor Standards Act. Specifically, he alleges Coke United paid him "day rates" for days where he worked eight hours or more, but paid him an hourly rate when he worked something less than that. [Doc. 1 at ¶¶ 15, 20].[1]

He alleges this practice violates the FLSA, but he acknowledges he received overtime pay at a rate equal to half his regular rate. [Doc. 1 at ¶ 21] ("Plaintiff and these similarly situated employees were paid overtime at only a half-time rate."). Despite his recognition that he received overtime pay at a half-time rate after already receiving the straight time pay for those hours, LaFreniere alleges Coke United somehow violated the FLSA.

The plaintiff does not allege Coke United failed to pay him minimum wage. He admits he received half-time premium pay for overtime work. He does not allege he was improperly classified as an exempt employee. He alleges only that he received a daily rate of pay when he worked eight hours or more and an hourly rate

---

[1] Courts considering Rule 12(b)(6) motions should assume the truth of the complaint's factual allegations. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Coke United does not actually engage in this practice, but recognizes it must argue as if the allegations are accurate at this stage.

of pay when he worked fewer than eight hours per day. He asserts this resulted in him not receiving proper overtime compensation. He is wrong.

## II.     The Allegations Do Not Give Rise to a Plausible Claim

The complaint alleges Coke United engaged in conduct compliant with the FLSA's overtime requirements. The Act provides, as relevant here, that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours [over forty] at a rate not less than one and one-half times the *regular rate* at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). Interpretive guidance from the Department of Labor defines "regular rate:"

> The "regular rate" under the Act is a rate per hour. The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, *or other basis*, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom and, therefore, it is necessary to compute the regular rate of such employees during the workweek, with certain statutory exceptions discussed in §§ 778.400 through 778.421. The regular rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. . . .

29 C.F.R. § 778.109 (emphasis added). According to the first part of the regulation, employers can pay employees using whatever method they like. The law then converts the total pay to an hourly rate. Under the second part of § 778.109, the

3

regular rate is calculated by three steps:

1. Calculate an employee's total pay in any given week,

2. Calculate the total number of hours the employee worked in that week; and

3. Divide the first number by the second one.

To satisfy the overtime requirement, the employer must then pay an additional amount equal to one half of this regular rate for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

LaFreniere alleges this is what Coke United did. LaFreniere received all of his straight time pay, whether calculated by a day rate or an hourly rate. [Doc. 1 at ¶¶ 14-15, 20]. He also alleges he received overtime pay at a "half-time rate." [*Id*. at ¶ 21]. By admitting he received all of his straight time pay and then overtime premium at one-half of his regular rate, LaFreniere alleges conduct that complies with the FLSA. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.109. The FLSA does not contain any prohibition on paying employees by different methods during any work week so long as the regular rate exceeds the minimum wage, and the employees receive overtime pay when appropriate. *See* 29 C.F.R. § 778.109 ("The Act does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis . . . .").

The day-rate regulation, 29 C.F.R. § 778.112, outlines an alternate method for

4

calculating the regular rate where certain prerequisites are satisfied. "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job," then—assuming other conditions are also met—the employer can calculate the "regular rate" in a different way. 29 C.F.R. § 778.112. By its own text, though, this method only applies if the employee is paid the same amount every day "without regard to the number of hours worked." *Id*. The complaint alleges a different situation, one in which employees who "worked less than eight (8) hours in a day . . . were paid by the hour instead of the day." [Doc. 1 at ¶ 15]. As alleged, then, Coke United did not pay the same rate every day "without regard to the number of hour worked." Thus, 29 C.F.R. § 778.112 is irrelevant to this motion.

In a similar case where an employee alleged that a regulation provided the means by which the "regular rate" should be calculated, and that the employer did not comply with that regulation, the Eleventh Circuit held that 29 C.F.R. § 778.109 provided the means by which the regular rate should be calculated. *See Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1312-13 (11th Cir. 2007) (holding that § 778.109 was the appropriate method to calculate the regular rate when the conditions for an alternate method were not present). The same is true here. Another district court in this circuit used the same reasoning. Because "the job rate

5

regulation [29 C.F.R. § 778.112] is inapplicable, . . . the regular rate must be calculated with the standard formula . . . ." *Rodriguez v. Carey Intern., Inc.*, No. 03-22442, 2004 WL 5582173, at *8 (S.D. Fla. Sept. 15, 2004). Doing so requires that employees receive only "an additional half time [premium] for those overtime hours in which employees received compensation." *Id*.

### III.   Conclusion

Because LaFreniere's allegations do not state a claim for which relief can be granted, the complaint should be dismissed.

Dated September 5, 2019

                                                    */s/ Blaze R. Knott*
                                                    Blaze R. Knott
                                                    Georgia Bar No. 198526
                                                    bknott@littler.com

LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330

Attorney for Defendant

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

                                           */s/ Blaze R. Knott*
                                           Blaze R. Knott
                                           Georgia Bar No. 198526

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2019, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

C. Ryan Morgan, Esq.<br>
Morgan & Morgan, PA<br>
20 N. Orange Avenue<br>
16th Floor<br>
Orlando, FL  32802

*/s/ Blaze R. Knott*
Blaze R. Knott
Georgia Bar No. 198526