IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY LAFRENIERE, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

COCA-COLA BOTTLING COMPANY
UNITED, INC.,

    Defendant.

Civil Action No.
1:19-cv-03550-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF 6]. For the reasons stated below, the motion is **GRANTED**.

**I.   BACKGROUND**

The following facts are treated as true for the purposes of this motion.[1] On August 6, 2019, LaFreniere filed this Fair Labor Standards Act ("FLSA") action on behalf of himself and "similarly situated 'day-rate' paid merchandisers who

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

worked for Defendant at [its] locations throughout the Southeastern United States."[2] Defendant Coca-Cola Bottling Company United, Inc. ("Coke United") employs merchandisers at its locations throughout the United States.[3] LaFreniere previously worked for Coke United as a merchandiser at its Lawrenceville, Georgia location.[4]

LaFreniere alleges Coke United paid him by the day if he worked a full day, but only paid by the hour if he worked less than a full day.[5] While he asserts this payment structure alone violates the FLSA,[6] the sole count in the Complaint is for deficient overtime compensation.[7]

On September 5, 2019, Coke United filed the instant motion to dismiss.[8] It asserts that the Complaint fails to state a claim for relief because, by LaFreniere's own admissions, he was paid straight time pay for overtime hours in addition to

---

[2]   ECF 1, ¶ 1. While this language implies that LaFreniere intends to bring a collective action under the FLSA, he has not yet moved for conditional certification.

[3]   *Id.* ¶ 5.

[4]   *Id.* ¶¶ 2–3.

[5]   *Id.* ¶¶ 14–15, 20.

[6]   *Id.* ¶ 1

[7]   *Id.* ¶ 19.

[8]   ECF 6.

overtime compensation at a half-time rate.[9] Thus, Coke United claims that the payment structure as described by LaFreniere does not violate the FLSA's one-and-one-half time overtime payment requirement. On September 17, 2019, LaFreniere filed a response to the motion to dismiss, which requested an opportunity to replead should the Court find that the Complaint failed to state a claim.[10] Coke United filed a reply on October 1, 2019.[11]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am.*

---

[9]   ECF 6-1, at 2.

[10]  ECF 12, at 11 n.4.

[11]  ECF 13.

*Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n*, 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### a. The Fair Labor Standards Act

Congress enacted the FLSA, codified at 29 U.S.C. § 201 *et seq.*, in 1938 to address "labor conditions detrimental to the maintenance of the minimum

standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. The FLSA "establishes certain requirements for employers, including a minimum wage to be paid employees, a maximum number of hours to be worked at a regular pay rate, and a requirement of overtime pay." *Wethington v. City of Montgomery*, 935 F.2d 222, 224 (11th Cir. 1991). A covered employee is entitled to overtime wages for any time worked in excess of 40 hours in a given workweek. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). A claim for unpaid overtime wages has two basic elements: "(1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

Employers are required to "pay one and one-half times the 'regular rate' of pay for overtime hours." *Wethington*, 935 F.2d at 224 (citing 29 U.S.C. § 207(a)(1)). The term "regular rate" is defined "to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). "An employee's regular rate is 'the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed. The regular rate by its very nature must reflect all payments [that] the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments.'" *Boyle v. City of Pell City*,

866 F.3d 1280, 1286 (11th Cir. 2017) (quoting *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945)). An employee's "regular rate" must not be less than the statutory minimum wage. 29 C.F.R. § 778.107. While the "regular rate" is a "rate per hour," the FLSA "does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis . . . ." 29 C.F.R. § 778.109.

### b. Analysis

The issue before the Court is whether the Complaint sufficiently alleges that Coke United violated the FLSA through an improper pay scheme that resulted in underpaid overtime compensation to LaFreniere. LaFreniere asserts an employer cannot implement a pay scheme that includes a combination of day rate and hourly rates for the work done. He further claims that Coke United impermissibly relied on 29 C.F.R. § 778.112 for its payment structure, resulting in underpaid overtime for its employees.

#### *i.* Combining Day and Hourly Rates

The Court first addresses whether the pay scheme as described in the Complaint violates the FLSA. LaFreniere alleges he was paid by the day if he worked a full day, but his pay was converted to an hourly rate if he worked less

than a full day.[12] He points to 29 C.F.R. § 778.112 to support his assertion that a day-rate employee should receive a day rate regardless of the number of hours actually worked.[13]

Section 778.112 provides:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112. While this section supplies a method for employers to calculate the regular rate of pay based on a day rate for purposes of computing overtime compensation, it does not by its plain language prohibit an employer from using a day rate in combination with another form of compensation.

The Eleventh Circuit addressed a similar claim in *Allen v. Board of Public Education for Bibb County*, where the plaintiff claimed that § 778.115 created a requirement regarding when an employer could utilize a blended rate to calculate the regular rate. 495 F.3d at 1312. In order to address this claim, the Eleventh

---

[12] ECF 1, ¶ 20.

[13] ECF 12, at 7–8.

Circuit looked to § 778.109, which explains the proper method for determining the "regular rate" under the FLSA and states "[t]he following sections give *some examples* of the proper method of determining the regular rate of pay in particular instances." 29 C.F.R. § 778.109 (emphasis added). The Eleventh Circuit explained in *Allen* that, when § 778.115 was read in the proper context with § 778.109, "it becomes apparent that the former is one of the examples mentioned in the latter as a way that the regular rate may be calculated in certain cases." 495 F.3d at 1313. Similarly here, § 778.112 "exemplifies one way that a regular rate may be determined." It does not prohibit an employer from using a pay scheme that combines day rates with other forms of compensation.

### ii. Overtime Compensation

Having determined that the pay scheme allegedly employed by Coke United does not, in and of itself, violate the FLSA, the Court now turns to whether LaFreniere adequately pleaded that the pay scheme violates the FLSA because it improperly calculates overtime compensation. Coke United argues § 778.112 is inapplicable to such a determination and, instead, urges the Court to focus on § 778.109's procedure for calculating the regular rate.[14] Section 778.109 states, "The

---

14   ECF 6-1, at 3–4.

regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

Coke United argues that the Complaint as pleaded shows that it properly calculated the regular rate under § 778.109 and, in so doing, complied with the FLSA's one-and-one-half-times-the-regular-rate requirement for pay for hours in excess of 40 per week.[15] Coke United contends that the Complaint alleges LaFreniere was paid one-and-one-half times the regular rate for overtime because the Complaint alleges he received his straight-time pay at either the hourly or daily rate *and* he was paid the additional half-time rate for work performed in excess of 40 hours per week.[16] However, the portions of the Complaint on which Coke United relies do not support this assertion. The Complaint does not clearly allege whether—for work performed in excess of 40 hours per week—LaFreniere received (1) *only* the additional half-time pay or (2) the base hourly or daily rate, *plus* the additional half-time pay.

---

[15]  ECF 6-1, at 3.
[16]  ECF 6-1, at 4 (citing ECF 1, ¶¶ 14–15, 20–21).

LaFreniere did not clarify this issue in his opposition to Coke United's motion to dismiss. Rather, his response focuses on the claim that the combined day-rate and hourly-rate payment scheme is impermissible under § 778.112, without discussing the overtime payments he actually received. However, LaFreniere suggests that he did not receive the base hourly or daily rate, plus the additional half-time pay, when he contends Coke United's argument that § 778.112 does not apply "is curious, because if the day rate regulation does not apply, then Plaintiff's pay was by the hour, entitling him to time and one-half his regular rate of pay for overtime compensation, not half-time."[17]

Accordingly, LaFreniere's claim is not clear to the Court. While Coke United overstates the clarity with which the Complaint alleges that LaFreniere received the base hourly or daily rate, plus the additional half-time pay, neither the Complaint nor opposition brief clearly state otherwise. If LaFreniere's claim is that he did not receive the base regular pay plus half-time pay for work in excess of 40 hours, and that this failure resulted in a violation of the FLSA's requirement that employees working more than forty hours a week receive compensation "at a rate

---

[17]   ECF 12, at 8.

not less than one and one-half times the regular rate at which he is employed," he may have a plausible FLSA claim.

Since LaFreniere might be able to assert a plausible claim, the Court finds that he should have an opportunity to amend the Complaint. However, any amended complaint must address the deficiencies outlined in this Order, or it will be subject to dismissal with prejudice.

## IV.   CONCLUSION

Coke United's motion to dismiss [ECF 6] is **GRANTED**. To the extent LaFreniere is able to allege a plausible claim consistent with this Order, the Court **DIRECTS** him to file an amended complaint within 21 days after entry of this Order. If an amended complaint is not filed within 21 days, the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 17th day of July 2020.

                                                Steven D. Grimberg
                                  United States District Court Judge